# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 7047 | **DATE** | 10/25/2011 |
| **CASE TITLE** | Roughneck Concrete Drilling & Sawing Co. vs. Plumbing Contractors' Ass'n of Chicago et al | | |

**DOCKET ENTRY TEXT**

The PCA's motion for instructions [#84] is denied. The parties should continue with the procedures set forth in Local Rule 54.3. See statement below.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Defendant Plumbing Contractors' Association of Chicago (the "PCA") has filed a motion under Federal Rule of Civil Procedure Rule 54 and Local Rule 54.3 requesting an instruction that it does not have to pay attorney's fees to plaintiff Roughneck Concrete Drilling & Sawing Company or, in the alternative, that the procedures set forth in Local 54.3 should be postponed until the court rules on Roughneck's fee motion. For the following reasons, the motion [#84] is denied.

Background[1]

On July 21, 2008, arbitrator Paul Greenberg issued an award in favor of Roughneck pursuant to the Plan for the Settlement of Jurisdictional Disputes in the Construction Industry (the "National Plan" or the "Plan"). The Greenberg Award states, in relevant part: "I find the upcoming proceeding before the Joint Arbitration Board Constitutes an impediment to job progress, and therefore is prohibited by the Plan. UA Local 130, the Plumbing Contractors Association and the Joint Arbitration Board are hereby ORDERED to dismiss the matter currently scheduled to be heard July 22, 2008." Amend. Compl. Ex. F at 6.

In contravention of the Greenberg Award, the PCA and Local 130 proceeded with a hearing before the Joint Arbitration Board (the "JAB") the next day. Roughneck was not present. The JAB issued a $3.3 million award against Roughneck. Roughneck then filed this action to enforce the Greenberg Award and filed a related action, No. 08 C 5990, to vacate the JAB Award.

On April 7, 2011, the Court of Appeals ruled that the Greenberg Award should be enforced and the JAB Award should be vacated. *Roughneck Concrete Drilling & Sawing Co.* v. *Plumbers' Pension Fund, Local 130, UA*, 640 F.3d 761 (2011). Roughneck, as the prevailing party, received costs. *See* Dkt. #76. This court entered a judgment order enforcing the Greenberg Award and awarding costs in the amount of $1,566.15 to be paid to Roughneck by defendants. *See* Dkt. #81.

**STATEMENT**

Legal Standard

Federal Rule of Civil Procedure 54(d)(2) provides that a claim for attorney's fees must be made by motion that specifies the grounds entitling the movant to an award. Pursuant to Local Rule 54.3(d), parties shall confer and attempt in good faith to agree on the amount of fees that should be awarded prior to filing a fee motion. Where the parties are unable to resolve a dispute about attorney's fees after good faith attempts, they may file a motion seeking instructions from the court. L.R. 54.3(g).

Analysis

Roughneck claims attorney's fees under Article VII, Section 2 of the National Plan, which states: "Any decision or interpretation rendered by an arbitrator shall be immediately accepted and complied with by all parties subject to this Agreement. . . . A party seeking enforcement of an Arbitrator's decision . . . due to the failure of another party to abide by the decision or ruling shall be reimbursed by the party failing to abide by the decision or ruling for any attorneys' fees, court costs and expenses incurred." Amend. Compl. Ex. N; Roughneck's Resp. to Mot. for Instr. Ex. 4. The PCA argues that it is not required to pay attorney's fees pursuant to the National Plan because (1) the PCA is not a party to the National Plan, (2) the PCA did not receive notice of the hearing before Arbitrator Greenberg, and (3) Roughneck is seeking attorney's fees under the wrong version of the National Plan.

The Greenberg Award, which this court must enforce, establishes that the PCA is subject to the National Plan. The first issue considered in the award is whether the National Plan has "jurisdiction" over the PCA and UA Local 130. The award states:

> [E]ven if there may be some question about the jurisdiction of the Plan over the benefit funds . . . the Plan's jurisdiction over UA Local 130 and the Plumbing Contractors Association – and by extension, the Joint Arbitration Board – is not in doubt. When agreeing to resolve jurisdictional disputes through the mechanisms of the Chicago Joint Conference Board and the Plan, the UA Local and the Plumbing Contractors Association voluntarily agreed to the Plan's jurisdiction. . . . I find the Plan arbitrator has power to enjoin the Joint Arbitration Board's actions, as well as the actions of the Local Union or the Association.

Amend. Compl. Ex. F at 4. Arbitrator Greenberg then ordered the PCA and Local 130 to dismiss the JAB hearing scheduled for July 22, 2008. *Id.* at 6. The only logical reading of the Greenberg Award is that the PCA is subject to the terms of the National Plan. Therefore the PCA's first argument must be rejected.[2]

The PCA also argues that it did not fail to comply with the Greenberg Award because it did not receive notice of the award before the proceedings before the JAB. This argument is without merit. Irrespective of whether the PCA received notice of the Greenberg Award prior to the JAB hearing, there is no dispute that it learned of the award soon thereafter. On July 29, 2008, seven days after the hearing before the JAB, the National Plan Administrator notified the PCA that it had "failed to abide" by the decision of Arbitrator Greenberg. Amend. Compl. Ex. K. The Administrator stated that pursuant to the National Plan he had the authority to seek enforcement of the Greenberg Award in federal court and requested that the PCA notify him by July 31, 2008 if it intended to comply with the award. *Id.* The PCA did not respond. Amend. Compl. Ex. M at 1 ("I have received the UA's response to my July 29, 2008, correspondence requesting that the UA, UA Local No. 130, and the [PCA] advise me whether they intend to comply with Arbitrator Greenberg's decision in this matter. Although I gave each party the opportunity to respond, I have only received a response from the UA."). The PCA now argues that it was powerless to comply with the

## STATEMENT

Greenberg Award because, even though it appoints half the members of the JAB, it has no authority over the arbitration board. This argument goes to the merits of Roughneck's complaint and will not now be considered for the first time. The PCA's failure to respond to the National Plan Administrator's request and its active litigation of this case clearly constitute a failure to comply with the Greenberg Award.

To the extent that the PCA argues that the Greenberg Award cannot be enforced at all, this argument was rejected by the court of appeals. Before the court of appeals, the PCA asserted that the Greenberg Award was unenforceable because it never received notice of the award. *See* Br. of the PCA at 7–11. Nevertheless, the Seventh Circuit ruled in favor of Roughneck and directed this court to enforce the Greenberg Award against the PCA. The PCA now asserts that the Seventh Circuit "never reached the issue [of notice] because the PCA asked that the JAB Award be reconsidered." *See* PCA Reply at 5. These two issues are not related, however. The fact that the PCA recanted its position with respect to the JAB Award did not affect its other argument that the Greenberg Award could not be enforced.[3] The PCA's description of what the Seventh Circuit "understood" after its sudden change of course at oral argument is speculation. The court will adhere to the mandate of the Seventh Circuit directing it to enforce the Greenberg Award.

Finally, the PCA argues that even if it is subject to the National Plan and has failed to comply with the Greenberg Award, any award of attorney's fees must be decided by reference to the version of the National Plan that was in effect as of the date of the award. As the PCA notes, that version of the National Plan only provides for reimbursement of costs and fees incurred by the National Plan Administrator. Roughneck's amended complaint makes clear, however, that Roughneck is seeking enforcement under an amended National Plan that was effective as of December 2008. *See* Amend. Compl. ¶¶ 36–37 & Ex. N; Roughneck's Resp. to Mot. for Instr. Ex. 4. The PCA never argued, before this court or the court of appeals, that Roughneck was seeking confirmation of the Greenberg Award under the wrong version of the National Plan. This omission is significant. Under the prior version of the National Plan, only the plan Administrator was authorized to seek court confirmation of an award, and only in the District Court for the District of Columbia. *See* Amend. Compl. Ex. C, National Plan Art. VI.2(a)–(i) & Art. VII. Thus, if the prior version of the National Plan were applied, it is unclear whether Roughneck would have authority to seek confirmation of the award in this district. Given the procedural posture of this case, the PCA's argument that the court must apply the prior version of the National Plan has been waived. Moreover, the attorney's fees provision in the amended National Plan is consistent with the prior National Plan, which required the noncompliant party to reimburse the prevailing party for fees and costs incurred by the Administrator and paid by the prevailing party. *See id.*

For the foregoing reasons, the PCA's motion for instructions [#84] is denied. Under the plain language of the amended National Plan, Roughneck is entitled to attorney's fees from the PCA. The parties are directed to continue with the procedures set forth in Local Rule 54.3.

---

1. The court assumes familiarity with the facts of this case, which are set forth more fully in *Roughneck Concrete Drilling & Sawing Company* v. *Plumbers' Pension Fund, Local 130, UA*, 640 F.3d 761 (7th Cir.

2011) and *Roughneck Concrete Drilling & Sawing Company* v. *Plumbing Contractors' Association of Chicago and Cook County*, Nos. 08 C 5990, 08 C 7047, 2009 WL 3188221 (N.D. Ill. Sept. 30, 2009).

2. The plumbers' fund also argued before the court of appeals that it was not bound by the Greenberg Award because it was not a party to the National Plan. *See* 640 F.3d at 768. The Seventh Circuit concluded that the plumbers' fund did not need to be a party to the National Plan in order for the Greenberg Award to be enforced against it. *Id.* at 763 ("The National Plan is admitted to bind the plumbers' local union and Roughneck, but the plumbers' fund is not a party, which may be significant (though we think not)."), 769 (concluding that the Greenberg Award and the JAB Award were clearly inconsistent and that "as between the two orders . . . the [Greenberg Award] takes precedence").

3. The PCA's appellate brief asserted two independent grounds for rejecting Roughneck's appeal: first, that it did not receive notice of the National Plan hearing so it was not bound by the Greenberg Award, and second, that Roughneck had not demonstrated that the JAB Award should be vacated.